UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STEWART WILSON, | : | Civil No. 07-5016 (FLW) |
| Plaintiff, | : | |
| v. | : | **O P I N I O N** |
| PETER J. BARNES, etc., et al., | : | |
| Defendants. | : | |

**APPEARANCES**:

    STEWART WILSON, #249168A, Plaintiff <u>Pro Se</u>
    Northern State Prison
    P.O. Box 2300
    Newark, New Jersey  07114

**WOLFSON**, District Judge

    Plaintiff, a state prisoner incarcerated at Northern State Prison, seeks to file a Complaint <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.  Based on his affidavit of poverty and prison account statement, this Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> and direct the Clerk to file the Complaint without prepayment of fees.  Having thoroughly reviewed Plaintiff's allegations, this Court will dismiss the federal claims asserted in the Complaint, decline to exercise supplemental jurisdiction over state claims, and close the file.

**I.  BACKGROUND**

    Plaintiff challenges the calculation of his sentence and asserts violation of his constitutional rights by Peter J. Barnes, Chairman of the New Jersey State Parole Board, and Alfaro Ortiz, Administrator of East Jersey State Prison.  He alleges the following facts, which this Court is required to regard as true for the purposes of this review.  Plaintiff asserts that on

December 15, 1999, he was arrested on a parole violator warrant. He asserts that the parole revocation hearing was untimely conducted on May 1, 2000, and the parole board revoked his parole. Plaintiff states that on May 5, 2000, and March 2, 2001, the state court imposed two new convictions and sentences, which were ordered to run concurrently to each other and to the parole violation term. Plaintiff maintains that, although he should have been eligible for parole on September 15, 2000, the parole board did not consider his parole eligibility until November 25, 2002. He states that the parole board denied parole and imposed a 32-month future parole eligibility date. Plaintiff asserts that the parole board next considered his parole eligibility on August 1, 2005, denied parole, and imposed a 27-month future eligibility term. Plaintiff complains that

> the parole board violated the order of the [sentencing] court to run the sentence concurrent to my PVT [parole violator term], and committed a violation far more serious in literally stopping the progression of my PVT (original sentence). The stoppage extended from November 25th, 2002 to March 1st, 2003, a period of Three months and One week. This violated due process as well as subjecting me to a second term for the same offense.
>
> On January 18th, 2007, I met with the parole board for the third time. I was denied parole and received a Twenty-Three month FET. Here again, the Twenty-Three month FET was added to the August 1st, 2005 FET, which had not yet expired. It should be noted that each of the FET dates that I received were already served prior to my parole hearings, which was due to the untimeliness of each hearing.
>
> Furthermore, the parole board denied me of all my work and commutation credits from March 2nd, 2001 to November 11th, 2005, a period of time that totals Four years and Eight months. There is absolutely no legal justification for this.
>
> The Classification Department at East Jersey State Prison deprived me of all my work and commutation credits, extending from march

> 2nd, 2001 to November 11th, 2005, which reflects the information regarding this issue made by the parole board. I had no success in my efforts to resolve this issue through the parties named in the complaint.

(Compl, attachment, Statement of Claims, ¶¶ 4-7.)

As relief for violation of his constitutional rights, Plaintiff

> request[s] the court [to] order[] the parties in this complaint to re-adjust [his] records according to the courts[']s findings of [his] claims. [He] request[s] an immediate release[] based on [his] being illegally confined since the stoppage and re-starting of [his] sentence. [He] request[s] that the time [he] ha[s] served illegally will be deducted from the time remaining of [his] original sentence - if there is any remaining. [He] want[s] to be monetarily compensated for damages.

(Compl. ¶ 7, Relief.)

## II.  LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

"A document filed pro se is to be liberally construed, and a  pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, _ U.S. _, _, 127 S. Ct. 2197, 2200 (2007) (citations and internal

quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 127 S. Ct. at 2200 (citations and internal quotation marks omitted).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Thomas v. Independence Tp., 463 F.3d 285, 296-97 (3d Cir. 2006); Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004). However, a court should not dismiss a complaint with prejudice for failure to state a claim without providing leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

### III.  DISCUSSION

A.  Federal Claims

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise jurisdiction over

"Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Here, Plaintiff asserts that the chairman of the parole board and administrator of East Jersey State Prison violated his constitutional rights by miscalculating his aggregate state sentence, illegally failing to run the sentences concurrently, and improperly failing to award him sentence-reducing good conduct and work credits.  However, when a prisoner is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal

5

remedy is a writ of habeas corpus."  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).[1]  If an equitable remedy were available under § 1983 for a person challenging the fact or duration of his confinement, then that inmate could evade the requirement contained in the federal habeas statute, 28 U.S.C. § 2254(b)(1) and (c), that he exhaust available state court remedies prior to seeking federal intervention.  As the Supreme Court explained in Preiser,

> In amending the habeas corpus laws in 1948, Congress clearly required exhaustion of adequate state remedies as a condition precedent to the invocation of federal judicial relief under those laws.  It would wholly frustrate explicit congressional intent to hold that [inmates] could evade this requirement by the simple expedient of putting a different label on their pleadings.  In short, Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.

Preiser, 411 U.S. at 489-90.

Because Plaintiff's action challenging the length and calculation of his sentence attacks "the very duration of . . . physical confinement," Preiser, 411 U.S. at 487, the claim is not cognizable under § 1983 and the exclusive federal remedy is a petition for a writ of habeas corpus which requires the prior exhaustion of available state court remedies.  See Preiser, 411 U.S. at 480; Wolff v. McDonnell, 418 U.S. 539, 554 (1974).[2]

---

[1] In Preiser, state prisoners brought civil rights actions challenging the constitutionality of prison disciplinary proceedings that resulted in the loss of sentence-reducing good time credits. See Preiser, 411 U.S. at 476.

[2] See also Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001) (state prisoner's challenge to denial of parole or challenge to the legality of continued state custody must be brought under § 2254 which requires the exhaustion of state court remedies);  Brown v. Fauver, 819 F. 2d 395 (3d Cir. 1987) (inmate's civil rights action seeking restoration of good time credits was in essence an action seeking habeas corpus relief which is not cognizable under §1983).

Plaintiff also seeks damages for his allegedly illegal confinement which resulted from the miscalculation of his sentence. However, the damage claim is not cognizable under the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). The Supreme Court held in Heck that an action under § 1983 seeking "damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-7. Because Plaintiff seeks damages for his allegedly unconstitutional period of incarceration, his claims are not cognizable under § 1983 and he "must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).[3] Plaintiff may file a new § 1983 complaint for damages for injury caused by the allegedly unconstitutional imprisonment once his confinement has been invalidated by state authorities or called into question by issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Because his federal claims for damages and injunctive relief are

---

[3] This case is distinguishable from Wilkinson v. Dotson, 544 U.S. 74 (2005), because Plaintiff is seeking a speedier release rather than a parole eligibility hearing. The plaintiffs in Wilkinson challenged the procedures used to consider their parole eligibility and sought a new parole hearing which complied with the Constitution. As the Court explained,

> Success for Dotson does not mean immediate release from confinement or a shorter stay in prison; it means at most new eligibility review, which at most will speed *consideration* of a new parole application. Success for Johnson means at most a new parole hearing at which Ohio parole authorities may, in their discretion, decline to shorten his prison term . . . . Because neither prisoner's claim would necessarily spell speedier release, neither lies at "the core of habeas corpus." Preiser, supra, at 489.

not cognizable under § 1983 at this time, however, the Court will dismiss them without prejudice.  See United States v. Miller, 197 F.3d 644, 652 n.7 (3d Cir. 1999) ("When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice") .

B.  Claims Arising Under State Law

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted).  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'"  Growth Horizons, Inc., 983 F.2d at 1284 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).  Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims.  United Mine Workers v. Gibbs, 383 U.S. at 726;  Growth Horizons, Inc., 983 F.2d at 1284-1285.

In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## IV.  CONCLUSION

The Court will grant Plaintiff's application to proceed <u>in forma pauperis</u>, dismiss the federal claims, and decline to exercise supplemental jurisdiction over claims arising under state law.

  s/Freda L. Wolfson        
**FREDA L. WOLFSON, U.S.D.J.**

Dated:   October 30, 2007